IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JERRY L. GATER )
    Plaintiff )
 )
v )  Case No. 2:20-cv-00146 BSM-JJV
 )
CARVAJAL, et al. )
    Defendant )

## Amended Complaint Under Bivens

I.  Jury Trial is Requested.

II.  Parties:

    A. Names of plaintiff:

        Jerry L. Gater #42525-044
        FCI Forrest City-camp
        P.O. Box 9000
        Forrest City AR, 72336

    B. Names of Defendants:

        Ms Brister    Counselor "WA"
        FCI Forrest City-low
        1400 Dale Bumper Road
        Forrest City AR, 72336

        Mr Hanks    Unit Team Member "HA"
        FCI Forrest City-low
        1400 Dale Bumper Road
        Forrest City AR, 72336

        Mr Hendrix    Warden FCI Forrest City-low
        FCI Forrest City-low
        1400 Dale Bumper Road
        Forrest City AR, 72336

        Ms Chambers    Case Manager "HA"
        FCI Forrest City-low
        1400 Dale Bumper Road
        Forrest City AR, 72336

An Unknown Agent of The BOP
FCI Forrest City-low
~~P.O. Box 9000~~ 1400 Dale Bumper Road
Forrest City AR, 72336

III. All Defendants are sued in both official and personal capacity.

IV. Plaintiff has exhausted administrative remedies of all claims asserted under The Prison Litigation Reform Act (PLRA), 42 U.S.C. 1997e.

V. Statement of Claims;

1.) Complaint on Ms. Brister; On September 22, 2020 the United States District Judge Brian S. Miller issued Document No. 17 in Gater v. Carvajal, et al. Case No. 2:20-cv-00146-BSM. "I agree that Plaintiff's claims of retaliation for filing grievances against Case Manager Brister and failure to protect from harm of others against defendant Brister should proceed". However, I humbly move this court to take into its' consideration how Hendrix, Hanks, Chambers, "all known Agents of the BOP", and an Unknown Agent of the BOP became complicit and accomplices and to charge them all, plus, Ms. Brister for Retaliation for plaintiff's filing grievances against Case Manager Brister, Failure to protect from harm of others, Failure to protect from the threats of coronavirus at Helena Alpha "HA", and Reckless indifference, and in support of plaintiff states the following:

On or about March 8, 2020 Ms. Brister a Known Agent of the BOP with the assistance of an Unknown Agent of the BOP removed Plaintiff from a coronavirus safe bed in Wynne Alpha "WA" for no normal reason and at the same time removed Tyree Blackman from the bed to be occupied for no normal reason only later to put him back in "HA". The move was made simply to place plaintiff out of "WA" into an unsafe and unsure environment. "This action was indeed awkward, against policy, against protocol, and there was a known contagion, COVID-19 or a coronavirus

2 of 7

threat known by staff and officials at FCI Forrest City beginning back before February, 2020. The move was done in a recklessly indifferent manner, Plaintiff became sick of the contagion almost immediately and has after effects. An Unknown Agent of the BOP may have assisted Ms. Brister and became a complicit accomplice. The Unknown Agent should have objected to the unauthorized move, beause it was done in an unstable viral environment such as in a U. S. Prison during an onslaught of the coronavirus. As a result of the move plaintiff contracted a viral agent from others in "HA" and it harmed him;

2.) Complaint on Mr. Hanks; Based on the following testimony Plaintiff ask the court to charge Mr. Hanks for being complicit, and an accomplice to Ms. Brister's Retaliation for plaintiff filing grievances against Ms. Brister, Failure to protect from others with COVID-19 whom could harm him, Failure to protect, and Reckless Indifference and in support of plaintiff states the following:

    On or about March 8, 2020 Plaintiff advised Mr. Hanks Helena Alpha's "HA" counselor of the actions Ms. Brister had taken towards plaintiff, and as initially stated, he only looks at the complaint and he says, "It is addressed to the warden, so I suggest you take it up with him". However, this is not the manner inwhich such proceedings are handled. Policy at Forrest City-low is that when--, "inmates", have an administrative remedy issue, no matter whom with, it is first brought to the Unit Team you are housed with. Mr. Hanks went against the policy and protocol because this haulted plaintiff's grievance process against Ms. Brister. Mr. Hanks has never before this acted in such a manner, he has always in the past been more professional. Mr. Hanks was now officially made aware of Ms. Brister's Retaliation actions, he was also aware of the coronavirus dangers in "HA", and elsewhere-,yet he chose to become complicit and an accomplice to Ms. Brister and the charged

retaliation for plaintiff filing grievances against Ms. Brister and the retaliation, failure to protect from harm from others, failure to protect from COVID-19, and reckless indifference Ms. Brister was perpertrating.

3.) Complaint on Mr. Hendrix; Based on the following testimony Plaintiff moves the court to charge Mr. Hendrix for being complicit and an accomplice to Ms. Brister's acts of retaliation, failure to protect from others whom intend harm, failure to protect from others with COVID-19, and reckless indifference. And in support of states the following:

On or about March 8, 2020 Plaintiff advised Mr. Hanks of Ms. Brister's misdeeds, but he refused to do anything or to even show consern. He looks at the grievance and says, "It's addressed to the warden, so I suggest you take it up with him." Also, on this same date plaintiff wrote Warden Hendrix to explain his position and then followed up on it with a Request To Staff on "HA" Helena Alpha's housing unit computer. However, Warden Hendrix failed to act even though he had been made aware of Ms. Brister's Misdeeds. By not taking action and correcting Ms. Brister after he had been informed, Mr. Hendrix has become complicit and an accomplice, because he has the authority and duty to correct his staff. "The fact of the matter is that federal prisoners are routinely placed in other housing upon return to FCI Forrest City-low, and it becomes a prisoner's liberty interest to stay in a safe area of the prison, unless the prisoner has violated institutional rules. Plaintiff was coronavirus free and safe from harm while housed in "WA" Wynne Alpha. Also, on January 28, 2020 the federal government was made aware of COVID-19 and its' hazards, and its' means of transmission, therefore, it became Hendrix's duty to correct Brister and Brister's misconduct, or to become complicit.

4.) Complaint on Ms. Chambers; Based on the following testimony Plaintiff moves the court to charge Ms. Chambers for being complicit, and an accomplice to Ms. Brister's retaliation, failure to protect from others whom intend to do harm, failure to protect from those with

the COVID-19 whom could do harm by passing on the contagion to him, and reckless indifference and in support of plaintiff states the following:

    Upon Plaintiff's return to Forrest City-low Ms. Chambers was officially suppose to be the person in charge of where plaintiff was to be located. However, Ms. Chambers did not place plaintiff in Helena Alpha "HA", "but this action can be normal", and someone else placed plaintiff in Wynne Alpha "WA" from January 31, 2020 until Ms. Brister removal on March 8th, 2020. It is my belief that on or about March 8, 2020 Ms. Chambers was on sick leave for coronavirus like symptoms, and that she returned back to work shortly aftewards, and it must have been sometime before April 14, 2020 and that she was unaware of Ms. Brister's misdeeds at this time. However, upon Ms. Chambers return she became aware of Ms. Brister's unauthorized activities, because on March 8, 2020 it was posted on "HA's" Unit To Staff on it's computer. "Any posting on the unit computer to staff remains there for 60 days" in order for the unit staff to monitor it. Upon Ms. Chambers return from sick leave, it became her duty to monitor inmate to staff posting. And, any posting to the warden or anyone else posted to "HA's" unit to staff should be addressed by "HA" unit staff. Therefore, upon Ms. Chambers return she became aware of Ms. Brister's plot but did not speak out. At this point is where Ms. Chambers became complicit, and an accomplice to Ms. Brister's retaliation, failure to protect from those with the intent to do harm to plaintiff, reckless indifference, and failure to protect from possibly contracting coronavirus from "HA" or persons there.

5.) Complaint on an "Unknown Agent of the BOP": Based on the following testimony Plaintiff moves the court to charge the "Unknown Agent of the BOP" and to seek an identification from those others charged to charge this agent and to charge this agent for being complicit, and

an accomplice to Ms. Brister's retaliation, failure to protect from others whom intend to do harm, failure to protect from those with the COVID-19 whom could do harm by passing on the contagion to him, and reckless indifference and in support of plaintiff states the following:

    On or about January 31, 2020 Plaintiff was placed in Housing Unit Wynne Alpha "WA" as a permanent residence. On or about February 20, 2020 plaintiff filed a complaint on Counselor Brister "AKA" BRISTOL of "WA" for retaliation, both, Inmate To Staff on the housing unit computer, and one hand written or typed on form Bp-S148.055 and then personally handed it to Ms. Brister.
    On or about March 8, 2020 Ms. Brister lived up to her threat to plaintiff and had him moved into "HA" Helena Alpha. "HA" was known for having already shown signs of prisoners and staff contracting coronavirus at this time, plus, the President of the United States had given notice of the coronavirus. Ms Brister had advised the plaintiff that he was to be removed from "WA" to "HA" on a number of different occassion prior to March 8, 2020 when-ever he had asked for her help. However, her prior attemps were futile and she appeared to get frustrated whenever she encountered plaintiff. As initally stated. On or about March 8, 2020 Ms. Brister somehow was able to accomplish to move the plaintiff to "HA", but this feat would not have been possible unless she convienced someone in "HA" to help her for two reasons. Firstly; the bed was already assigned to someone that belonged in "HA". 2ndly; an Unknown Agent of the BOP would have to had assisted Ms. Brister to accomplish this misdeed. The Unknown Agent would have known of the COVID-19 threat at this time for the President of the U.S. learned of it on Janusry 28, 2020, and the Unknown Agent of the BOP would also have known that in order for such a move there should have been a documented reason for the move. Thus, The Unknown Agent of the BOP became complicit and an accomplice to Ms. Brister's retaliation, failure to protect from those whom wish to do plaintiff harm, failure to protect plaintiff from contracting COVID-19 from such a move, and reckless indifference.

VI. Relief;

    Plaintiff seeks to recover puntitive damages and actual damages from any one of or all of those accused above for; failure to protect from others who wish to do plaintiff harm, retaliation, failure to protect plaintiff from contracting COVID-19 from the move to "HA", and reckless indifference in the amount of $3,000,000.00.

Under the penalty of perjury, I declare all of the above is true and correct to the best of my knowledge.

                                                Respectfully Submitted

Oct. 21, 2020  
Date

                                            Jerry L. Gater  
                                            #42525-044  
                                            FCI Forrest City-camp  
                                            P. O. Box 8000  
                                            Forrest City, AR 72336