**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JERRY L. GATER,                                                                                    PLAINTIFF
Reg. #42525-044

v.                                           2:20-cv-00146-BSM-JJV

MICAEL D. CARVAJAL,
Director, Federal BOP, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.   DISCUSSION**

Jerry L. Gater ("Plaintiff") is a prisoner in the Federal Prison Camp located in Forrest City, Arkansas. He has filed a *pro se* a Second Amended Complaint alleging his constitutional rights as protected by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) have been violated. (Doc. 29.) Plaintiff claims that on March 8, 2020, Defendant

Correctional Counselor Kristina Brister failed to protect him from harm and retaliated against him for filing grievances against her by transferring him from the Wynne Alpha Unit to the Helena Alpha Unit where several inmates had COVID-19 and intended to harm him.  (*Id.*)  Plaintiff also says Defendants Warden DeWayne Hendrix, Correctional Counselor Brent Hanks, and Case Manager Judy Chambers violated his constitutional rights by failing to take corrective action against Defendant Brister.  (*Id.*)  Plaintiff brings these claims against Defendants in their official and individual capacities, and he seeks three million dollars in damages.  (*Id.*)

Defendants have filed a Motion to Dismiss arguing Plaintiff has failed to plead a plausible *Bivens* claim against them, or in the alternative, a Motion for Summary Judgment because Plaintiff has not exhausted his administrative remedies.  (Docs. 39, 40, 41.)  Plaintiff has not filed a Response, and the time to do so has expired.  After careful consideration and for the following reasons, I conclude the Motion to Dismiss should be granted and this case DISMISSED with prejudice for failing to state a claim upon which relief may be granted.

## II.     RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the

complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

### III. DISCUSSION

#### A. Official Capacity Claims

First, Defendants argue they are entitled to sovereign immunity from the *Bivens* claims raised against them in their official capacities. I agree. Plaintiff's official capacity claims against Defendants must be treated as claims against the United States. *See Lewis v. Clarke,* 137 S. Ct.

1285, 1291 (2017); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). "Sovereign immunity protects the United States from being sued unless Congress has expressly waived the government's immunity." *Kaffenberger v. U.S.*, 314 F.3d 944, 950 (8th Cir. 2003). Congress has not waived the government's immunity from damages in a *Bivens* action. *Buford*, 160 F.3d at 1203 ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Accordingly, Plaintiff's official capacity claims are barred and should be dismissed with prejudice.

  B.   **Individual Capacity Claims**

Next, Defendants argue Plaintiff has not pled plausible *Bivens* claims against them in their individual capacities. Again, I agree. In *Bivens*, which was decided in 1971, the United States Supreme Court "broke new ground" by recognizing, without any statutory authorization from Congress, an implied cause of action for damages against federal officers who violated the Fourth Amendment. *Hernandez v. Mesa*, 140 S.Ct. 735, 741 (2020). During the next forty years, the Court only extended the *Bivens* to included only two other claims: (1) *Davis v. Passman*, 442 U.S. 228 (1979), a Fifth Amendment claim of dismissal based on gender discrimination; and (2) *Carlson v. Green*, 446 U.S. 14 (1980), a federal prisoner's Eighth Amendment claim for failure to provide adequate medical care. *Id*. at 741. Nevertheless, many federal courts presumed *Bivens* applied to all constitutional violations.

In *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017), the Supreme Court explained that is not the case and emphasized that applying *Bivens* to a new context is "disfavored judicial activity." The Court then instructed lower courts to apply a two-step test to determine whether an implied cause of action is available under *Bivens*. First, a court must decide whether the case presents one of the "three *Bivens* claims the Court has approved in the past." *Id.* at 1860; *see also Ahmed*

4

*v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020); *Farah v. Weyker,* 926 F.3d 492, 498 (8th Cir. 2019). If so, then the case proceeds. If not, then the Court must determine whether there are "special factors counselling hesitation" before recognizing a new implied cause of action "in the absence of affirmative action by Congress." *Ziglar,* 137 S.Ct. at 1857; *Ahmed*, 984 F.3d at 567-68; *Farah*, 926 F.3d at 498.

As to the first step, the Supreme Court has allowed implied causes of action in only three cases: (1) *Bivens,* unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) *Carlson*, inadequate medical care of a prisoner in violation of the Eighth Amendment; and (3) *Davis,* wrongful termination based on gender discrimination under the Fifth Amendment. *Hernandez*, 140 S. Ct. at 741; *Ziglar*, 137 S.Ct. at 1854-55. Plaintiff says Defendants violated his First Amendment right to be free from retaliation, which has not been previously recognized by any of the three prior holdings. He also claims Defendants failed to protect him from harm under the Eighth Amendment, which is significantly different in it elements of proof from the inadequate medical care claims allowed under the Eighth Amendment in *Carlson.*[1] See *Hernandez,* 140 S.Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized"); *Ziglar,* 137 S.Ct. at 1865 (even "small" differences can be "meaningful" when determining whether a case raises a new claim); *Ahmed,* 984 F.3d at 568-70 (a court must look to the specific type of claim being raised and elements of proof, and not just the constitutional

---

[1] In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established the deliberate indifference standard that must be applied in a failure to protect case. When doing so, the Court *presumed*, without deciding, that a failure to protect claim could be brought under *Bivens*. In *Ziglar* and *Hernandez*, the Supreme Court did *not* include *Farmer* as one of the cases in which it had previously recognized a *Bivens* cause of action. Thus, I conclude a failure to protect claim is a new claim.

provision under which it falls); *Farah,* 926 F.3d at 498 (concluding a case raised a new claim because "[n]o Supreme Court case exactly mirrors the facts and legal issues presented here"). Thus, I conclude Plaintiff's retaliation and failure to protect claims are new claims not previously recognized by the Supreme Court as being implied causes of action under *Bivens.*

At step two, I must decide if there are any special factors that should cause the court to pause before recognizing a new implied cause of action without "express congressional authorization." *Ziglar*, 137 S. Ct. at 1858. As explained by the Eighth Circuit, "[i]t does not take much" because "Congress is usually in the better position to weigh the costs and benefits of creating a new substantive legal liability." *Ahmed*, 984 F.3d at 570 (quoting *Farah*, 926 F.3d at 500). Keeping in mind that expanding *Bivens* "is now considered a disfavored judicial activity," *Ziglar*, 137 S.Ct. at 1858, I find under the circumstances of this case that *Bivens* should not be extended for the following reasons. First, allowing Plaintiff's claims to proceed under *Bivens* would engage the courts in disputes that could be and should be raised administratively, which is disfavored. *See Ziglar*, 137 S.Ct. at 1865; *Farah*, 926 F.3d at 500-02; 28 C.F.R. §§ 542.10-.19.) And, Plaintiff has an alternative remedy under the Federal Tort Claims Act, 28 U.S.C. § 1346, for any of the Defendants' actions that were based on negligence. *See Ziglar*, 137 S.Ct. at 1865 ("the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action"). "Furthermore, legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id*. The Prison Litigation Reform Act, which does not provide for a standalone damages remedy against federal officials, suggests Congress did not wish to extend *Bivens* damages remedies beyond what has already been recognized. *Id.* Finally, as explained by the Eighth Circuit, expansion of a *Bivens* remedy is disfavored because "separation of powers generally vests the power to create new causes of action in Congress, not us." *Ahmed*,

6

984 F.3d at 567. For these reasons, I conclude special factors counsel against extending *Bivens* to the retaliation and failure to protect claims raised by Plaintiff. *See Mack v. Yost*, 968 F.3d 311, 322-23 (3rd Cir. 2020) (declining to extend *Bivens* to a prisoner's retaliation claim); *Stinson v. Schmidt*, No. 2:20-cv-00187-BSM, 2020 WL 6880166 (E.D. Ark. Nov. 3, 2020) (unpublished opinion) (same); *Stine v. Von Blanckensee*, No. CV 20-00489-TUC, 2020 WL 8024369 (D. Ariz. Dec. 22, 2020) (unpublished opinion) (declining to extend *Bivens* to a failure to protect claim); *Dudley v. United States*, No. 4:19-cv-317-O, 2020 WL 532338 (N.D. Tex. Feb. 3, 2020) (unpublished opinion) (same). Accordingly, this case should be dismissed with prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion to Dismiss and Alternatively Motion for Summary Judgment (Doc. 39) be GRANTED, and this case be DISMISSED with prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as strike under 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 23rd day of February 2021.

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE